Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000293
28-OCT-2016
09:04 AM

NO. CAAP-15-0000293

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
RACHEL P. CORREIA, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 14-1-1260)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Rachel P. Correia (**Correia**) appeals from the Judgment of Conviction and Sentence (**Judgment**) filed on March 3, 2015, in the Circuit Court of the First Circuit (**Circuit Court**).[1]

Plaintiff-Appellee State of Hawai'i (**State**) filed an indictment (**Indictment**) against Correia charging seven counts: Criminal Property Damage in the Second Degree (Count 1); Attempted Arson in the First Degree (Count 2); Kidnapping (Counts 3 and 4); and Robbery in the Second Degree (Counts 5 to 7). A jury found Correia guilty of one count of Criminal Property Damage in the Second Degree, one count of Attempted Arson in the

---

[1]     The Honorable Rom A. Trader presided.

First Degree, two counts of Unlawful Imprisonment in the Second Degree, and three counts of Robbery in the Second Degree. The Circuit Court sentenced Correia to concurrent maximum terms of imprisonment of five years for Count 1, twenty years for Count 2, one year each for Counts 3 and 4, and ten years each for Counts 5 to 7.

Correira raises two points of error on appeal, contending that:

1. The Attempted Arson in the First Degree charge alleged in Count 2 of the Indictment is fatally defective because it fails to correctly allege all the essential elements of the offense; and

2. The Circuit Court erred when it failed to correctly instruct the jury on the elements of Attempted Arson in the First Degree.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Correia's points of error as follows:

(1) The Attempted Arson in the First Degree charge against Correia states, in relevant part:

> COUNT 2: On or about August 1, 2014, in the City and County of Honolulu, State of Hawaii, [Correia], did intentionally engage in conduct which, under the circumstances as she believed them to be, constituted a substantial step in a course of conduct intended to culminate in her commission of the crime of Arson in the First Degree, thereby committing the offense of Attempted Arson in the First Degree, in violation of Sections 705-500 and 708-8251(1)(a) of the Hawaii Revised Statutes. A person commits the offense of Arson in the First Degree if she intentionally or knowingly sets fire to or causes to be burned property and knowingly places another person in danger of death or bodily injury.

Hawaii Revised Statutes (HRS) § 708-8251(1)(a) (2014) provides, in relevant part:

> **§ 708-8251 Arson in the first degree.** (1) A person commits the offense of arson in the first degree if the person intentionally or knowingly sets fire to or causes to be burned property and:
> (a) Knowingly places another person in danger of death or bodily injury[.]

Correia first argues that Count 2 fails to correctly charge requisite elements of criminal attempt, as stated in HRS § 705-500(2) (2014), which provides:

> **§ 705-500 Criminal attempt.** (1) A person is guilty of an attempt to commit a crime if the person:
> (a) Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as the person believes them to be; or
> (b) Intentionally engages in conduct which, under the circumstances as the person believes them to be, constitutes a substantial step in a course of conduct intended to culminate in the person's commission of the crime.
> (2) When causing a particular result is an element of the crime, a person is guilty of an attempt to commit the crime if, acting with the state of mind required to establish liability with respect to the attendant circumstances specified in the definition of the crime, the person intentionally engages in conduct which is a substantial step in a course of conduct intended or known to cause such a result.
> (3) Conduct shall not be considered a substantial step under this section unless it is strongly corroborative of the defendant's criminal intent.

Correia's argument is founded in the contention that: (a) only subsection (2) of HRS § 705-500 applies to crimes with a result-of-conduct element; and (b) Arson in the First Degree is a result-of-conduct crime. However, as the State points out (and Correia acknowledges), not every offense includes "causing a particular result [as] an element of the crime." State v. Valentine, 93 Hawai'i 199, 207, 998 P.2d 479, 487 (2000) (the offense defined by HRS § 134-7(b), related to the prohibited possession of a firearm, does not contain a result-of-conduct

element). As the State further contends, and we conclude, the offense of Arson in the First Degree as defined in HRS § 708-8251(1)(a) does not contain a result-of-conduct element. Rather, the elements of Arson in the First Degree under HRS § 708-8251(1)(a) are: (1) that a person sets fire to or causes property to be burned (conduct); and (2) does so under circumstances that places another person in danger of death or serious bodily injury (attendant circumstances). With the establishment of the requisite *mens rea*, the described conduct, under the described attendant circumstances, gives rise to criminal liability, without requiring evidence of a particular result of the conduct. Insofar as the offense of Arson in the First Degree as defined in HRS § 708-8251(1)(a) does not contain a result-of-crime element, HRS § 705-500(2) is inapplicable, and Correia's argument based on HRS § 705-500(2) is to no avail.

Correia also argues that, even assuming HRS § 705-500(1)(b) applies, Count 2 fails to charge the requisite intentional *mens rea* for every element of the offense because the charge uses the word knowingly. We note, in the first instance, that the standard of review for a challenge to an indictment raised for the first time on appeal, as in this case, is the liberal construction standard:

> Under the liberal construction standard, when a party raises an objection to the indictment for the first time on appeal, the indictment is liberally construed. This standard means we will not reverse a conviction based upon a defective indictment unless the defendant can show prejudice or that the indictment cannot within reason be construed to charge a crime. This court has also recognized that one way in which an otherwise deficient count can be reasonably construed to charge a crime is by examination of the charge as a whole.

State v. Tominiko, 126 Hawai'i 68, 76, 266 P.3d 1122, 1130 (2011) (citations and quotation marks omitted).

Here, Correia does not argue any prejudice. Thus, we must consider whether, examining the charge as a whole, the indictment can within reason be construed to charge a crime. "Where the statute sets forth with reasonable clarity all essential elements of the crime intended to be punished, and fully defines the offense in unmistakable terms readily comprehensible to persons of common understanding, a charge drawn in the language of the statute is sufficient." State v. Jendrusch, 58 Haw. 279, 283, 567 P.2d 1242, 1245 (1977) (citations omitted); see also State v. Moore, 82 Hawai'i 202, 216, 921 P.2d 122, 136 (1996) (noting that the language of the complaint was sufficient where it "tracked virtually verbatim the language of the statute[.]"). The first sentence of Count 2 traces the language of HRS § 705-500(1)(b). The second sentence of Count 2 tracks the language of the underlying crime, Arson in the First Degree, HRS § 708-8251(1)(a). The indictment thusly sets forth with reasonable clarity all of the elements of the attempt offense and the underlying offense. Importantly, Count 2 alleges that Correia "did _intentionally_ engage in conduct which, under the circumstances as she believed them to be, constituted a substantial step in a course of conduct _intended_ to culminate in her commission of the crime of Arson in the First Degree, thereby committing the offense of Attempted Arson in the First Degree[.]" (Emphasis added.)

Correia contends, nevertheless, that the inclusion of the word "knowingly" requires that the Indictment be dismissed for failing to charge the requisite *mens rea*. The Hawai'i Supreme Court considered this issue in State v. Reiger, 64 Haw. 510, 644 P.2d 959 (1982). In Reiger, 64 Haw. at 511-12, 644 P.2d at 962, the State charged Reiger with Attempted Murder. The indictment charged that Reiger "did intentionally or knowingly attempt to cause the death of Josephine Hoapili by shooting her with a firearm, an act which constitutes a substantial step in a course of conduct intended to culminate in the commission of the crime of Murder, thereby committing the offense of Attempted Murder[.]" Id. Reiger argued that the presence of "or knowingly" rendered that count fatally defective. Id. at 511, 644 P.2d at 961. The supreme court disagreed and held:

> While intentionally and knowingly have somewhat varying definitions under §§ 702-206(1) and (2), nevertheless, the essential element of intentional wrong is satisfied if the act which is the attempt constitutes a substantial step in the course of conduct intended to culminate in the commission of the crime, in this case, murder. All of the essential elements of the crime of attempted murder were contained in the charge. Here, under the evidence, the assailant, holding the gun against the victim, fired three bullets into her head. We fail to see how, in those circumstances, there could be any question as to whether the act of shooting the victim was intentional or that either the appellant or the jury was misled by the appearance of the words "or knowingly" in the charge.
>
> The same can be said of the claim that the unobjected to repetition of the charge in the instructions was erroneous. Neither of these grounds have merit.

Id. at 512, 644 P.2d at 962.

While the facts in this case are not identical to the facts in Reiger, based on the evidence here, we fail to see how there could be any question as to whether Correia's acts were intentional or that the jury was misled by the appearance of the

words knowingly in the charge. The incident underlying Count 2 involved Correia [been] seen (twice) lighting the gas tank of her car on fire and then repeatedly and rapidly accelerating (revving the engine and screeching the tires) and ramming the car into the gate of the house where the Kiakona family lived. Just prior to the incident, Correia repeatedly asked a neighbor a few doors down, "Where's Jesse?" – apparently referring to Jesse Kiakona, Correia's former employer, who lived at the Kiakona family residence with several other people.

Accordingly, like the Reiger court, and viewing the charge as a whole, we reject the contention that the inclusion of the word "knowingly" in the charge rendered Count 2 fatally defective under the circumstances of this case.

(2) As Correia did not object to the challenged jury instructions, Correia argues that the Circuit Court plainly erred by failing to instruct the jury on the correct elements of Attempted Arson in the First Degree. See State v. Kikuta, 125 Hawai'i 78, 95, 253 P.3d 639, 656 (2011) ("'[a]s a general rule, jury instructions to which no objection has been made at trial will be reviewed only for plain error'"); see also State v. Nichols, 111 Hawai'i 327, 337, 141 P.3d 974, 984 (2006) ("once instructional error is demonstrated, we will vacate, without regard to whether timely objection was made, if there is a reasonable possibility that the error contributed to the defendant's conviction, i.e., that the erroneous jury instruction was not harmless beyond a reasonable doubt."). Correia's

arguments are parallel to her contentions that the charge in Count 2 was fatally defective.

Based on the same reasoning as our rejection of Correia's argument that the offense of Arson in the First Degree as defined in HRS § 708-8251(1)(a) contains a result-of-crime element, we reject Correia's argument that the Circuit Court erred in failing to instruct the jury based on HRS § 708-8251(2).

With respect to the argument that the jury instructions were erroneous because, like the charge in Count 2, they included "knowingly" in reference to the offense of Arson in the First Degree as defined in HRS § 708-8251(1)(a), Correia again relies on <u>Valentine</u>. However, in <u>Valentine</u>, the challenged jury instruction stated that the state of mind required to establish <u>the attempt</u> was "intentionally <u>or knowingly</u>." 93 Hawai'i at 207, 998 P.2d at 487 (emphasis added). The supreme court therefore held that "the instruction erroneously defined the state of mind necessary to prove the offense of attempted prohibited possession of a firearm as something less than intentional, as required by HRS § 705-500(1)(b)." <u>Id.</u> at 208, 998 P.2d at 488. Here, by contrast, the Circuit Court's jury instruction defined the attempt crime with only the intentional state of mind: "A person commits the offense of Attempted Arson in the First Degree if she *intentionally* engages in conduct which, under the circumstances as she believes them to be, constitutes a substantial step in a course of conduct *intended* to culminate in her commission of Arson in the First Degree." (Emphasis added.) Later in the

instruction, the court again laid out the elements of the attempt offense using only the "intentional" state of mind:

> There are two material elements of the offense of Attempted Arson in the First Degree. . . . :
> 1. . . . .[T]he Defendant engaged in conduct which under the circumstances as the Defendant believed them to be, was a substantial step in a course of conduct <u>intended</u> by the Defendant to culminate in the commission of Arson in the First Degree.
> 2. That the Defendant engaged in such conduct <u>intentionally</u>.

(Emphasis added.)

In this case, in contrast to <u>Valentine</u>, the Circuit Court mentioned the knowingly state of mind only in reference to the underlying substantive offense of Arson in the First Degree.

Even assuming, *arguendo*, that the Circuit Court erred in including the knowingly state of mind with regard to the underlying substantive crime, we conclude that any error was harmless beyond a reasonable doubt based on the overwhelming evidence of Correia's intent.

For these reasons, the Circuit Court's March 3, 2015 Judgment is affirmed.

DATED: Honolulu, Hawai'i, October 28, 2016.

On the briefs:

Marcus B. Sierra,
for Defendant-Appellant.

Brandon H. Ito,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge